David Johnson, the natural father of Brett Johnson and Bethany Johnson, minor children, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found that the children were dependent, and awarded temporary custody of the children to the Stark County Department of Job and Family Services. Appellant filed an appeal and this matter is now before this court for consideration. Appellant assigns two errors to the trial court:
 I. THE DECISION THAT THE CHILDREN WERE DEPENDENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE COURT ERRED IN NOT GRANTING THE FATHER'S OBJECTION OR IN THE ALTERNATIVE ALLOWING THE CHILDREN TO RETURN HOME.
The record that the Stark County Department of Job and Family Services filed the complaint alleging dependancy and neglect on March 7, 2000. First Unit had been working with appellant for a full year prior to the filing of the complaint. The Case Plan developed by the parties required the parents to obtain psychological evaluations, the mother to take all prescribed medications and enroll in Renew, a domestic violence program, and the father was also to take all prescribed medications and to successfully complete the Encourage program. On May 25, 2000, the court found the children to be dependent and awarded temporary custody of the Johnson children to DJFS.
 I, II
Appellant's Second Assignment of Error is now moot as the children have been returned to the mother.
Appellant's First Assignment of Error questions whether the trial court's decision as to dependency is supported by the manifest weight of the evidence. Appellant maintains, that the decision that the children were dependent is unsupported by the evidence. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon these standards that we review appellant's First Assignment of Error.
Although the parents may have been making some progress with services as required by their case plan, we are compelled to note that SCDJFS was not necessarily required to prove that the parents completely failed in achieving the goals of the case plan. This court has upheld permanent custody findings despite evidence in the record that a parent made partial progress on his or her case plan. See, e.g., In re BuntingChildren (Oct. 13, 1998), Stark App. No. 97CA0381, unreported. We find that despite the Agency's reasonable case planning and diligent efforts, appellant had refused or failed to remedy the concerns with regard to food and hygiene in addition to compliance with medications. We therefore find that the record presents sufficient competent, credible evidence to warrant a finding of dependency.
Appellant's First Assignment of Error is overruled.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 _____________ Boggins, J.
Hoffman, P.J. and Farmer, J. concur.